UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL A. JONES II )
)
v. ) NO. 2:05-CV-137
)
SHERIFF WAYNE ANDERSON )
MAJOR BRENDA HENSLEY, )
KIM AUSTIN and )
TROY W. BRUNELL )

**MEMORANDUM OPINION**

Michael A. Jones, a state prisoner confined in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights complaint for injunctive relief and damages under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00. Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
            <u>or</u>
    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on May 11, 2005. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the SCDC, to ensure full compliance with the fee-assessment procedures outlined above.

In his complaint, the plaintiff alleges several categories of claims. In the first one (involving the defendants' failure to attend to his medical needs as an amputee), the plaintiff maintains that the slip-on shoes provided by the SCDC lack support or cushioning and cause him to suffer pain and inflammation in his leg and that they slip off his foot and prosthesis when he walks. He further maintains that they have informed him that, since he has already been supplied with one pair of shoes, if he wants another pair, he must buy them himself.

The second category of claims contains his allegations that he is being confined in an inhumane and unsafe environment. More

2

specifically, the plaintiff contends that the conditions in the SCDC constitute a health hazard because the facility is seriously overcrowded with an inmate population twice its capacity; inmates are forced to sleep on the floor; raw sewage constantly stands on the floors and in the toilets; trash lays everywhere; noise is at ear-piercing levels; and it is a fire hazard also. Moreover, he claims that recreation is only provided once or twice a week and that, at all other times, inmates are confined in their cells 24 hours a day (unless they work).

Inmate safety at the SCDC is also at risk, he asserts, because of the overcrowded conditions and because officers cannot see what inmates are doing in their cells. Inmates have short tempers because of the overcrowding and violence sometimes erupts. When this happens, the violence runs its course before the officers are able to intervene to stop it.

In another housing conditions claim, seemingly unrelated to the allegations of overcrowding, the plaintiff maintains that he is not supplied with nutritious meals because fruit is not provided daily and because there is a lack of fiber in the food.

The final category of claims involves the plaintiff's contentions of discriminatory treatment. The plaintiff asserts that he is being

discriminated against with regard to food, work and gain-time sentencing credits. For example, the plaintiff, who does not work, is furnished only one sandwich at lunch, whereas inmates who work get extra food. The plaintiff is not allowed to work because he is disabled, but non-disabled inmates are permitted to work. Inmates who work earn extra gain-time on their sentencing, unlike the plaintiff who does not work.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative

4

dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at 1104)).

In this case, the plaintiff makes many allegations involving the conditions and treatment to which he is being subjected at the SCDC. The plaintiff has averred that he filed a grievance with respect to his claim that his medical need for shoes is being denied, but he has not attached to his complaint copies of his grievance, nor explained whether SCDC provides an appeal process which allows him an opportunity to appeal any adverse grievance decision, or if so, whether he sought the benefit of such an appeal process. Not only is there a question concerning the exhaustion of his medical claim, but he makes absolutely no allegations to show that he submitted his complaints about the housing conditions or discriminatory treatment for resolution via the grievance process. Every claim must be exhausted through the grievance system. A prisoner's complaint which alleges both exhausted and unexhausted claims must be dismissed in its entirety. *Bey v. Johnson*, 2005 U.S. App.

LEXIS 7166, *4 (6th Cir. Apr. 27, 2005). Thus, the plaintiff has failed to bear his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint.

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE